UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                  Case No. 18-20061

vs.                                   Honorable: Terrence G. Berg

JOSEPH DECKER,

        Defendant.
_____/

## **PRELIMINARY ORDER OF FORFEITURE**

Pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 2253, and based upon Defendant Joseph Decker's Plea Agreement and guilty plea to Count One, which charges him with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), the Government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.     Any and all interest of Defendant Joseph Decker in: One LG cell phone, Serial Number: 602KPJP565684, IMEI: 359105065656849 ("Subject Property"), IS HEREBY FORFEITED to the United States for disposition in accordance with law, and any right, title or interest of Defendant Joseph Decker, and any right, title or interest that his heirs,

successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED.

2.　Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

3.　Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P 32.2(b)(6) and Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish notice of this Preliminary Order of Forfeiture utilizing the internet site, www.forfeiture.gov, for at least thirty consecutive days.  The government shall also send notice to any person who appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice shall direct that any person asserting a legal interest in the Subject Property, other than Defendant Joseph Decker, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.

The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

4. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

5. Pursuant to Defendant's Rule 11 Plea Agreement together with Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at sentencing and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

6. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as

provided by Federal Rule of Criminal Procedure 32.2(c)(2) and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2).

7. If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

8. Following the Court's disposition of any petitions for ancillary hearing, and upon proof of publication and notice to any persons known to have alleged an interest in the Subject Property, the United States shall have clear title to the Subject Property and shall be authorized through the Federal Bureau of Investigation to dispose of the forfeited assets as prescribed by law.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e)(2)(A).

/s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2018